UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE LUIS QUERINO DOS SANTOS
(A-NUMBER: 213-623-641),

        Petitioner,

    v.

CALIFORNIA CITY CORRECTIONS
CENTER, *et al.*,

        Respondents.

Case No.  1:26-cv-2569-DC-JDP

ORDER

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Under Rule 4 of the Rules Governing Section 2254 Cases, I must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.[1]  It does not plainly appear that petitioner is not entitled to relief.  Therefore, I order the government to respond to the petition, and I set a briefing schedule.

Additionally, petitioner has filed a motion to authorize a non-attorney assistant to electronically file documents on his behalf.  ECF No. 2.  "Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."

---

[1] This rule may be applied to petitions brought under § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1

E.D. Cal. L.R. 133(b)(2) (emphasis in original).  "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception."  *Id*. 133(b)(3).  Here, petitioner does not demonstrate good cause for a departure from the normal filing procedure for unrepresented litigants.  The motion is therefore denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

2.  Within seven days of the date of service of this order, respondents must file a response to the petition.

3.  A response may be one of the following:

A.    An answer addressing the merits of the petition.  Any argument by respondents that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.

B.    A motion to dismiss the petition.

4.  Within seven days of the date of service of this order, respondents must file any documents necessary for resolving the issues presented in the petition.

5.  If respondents file an answer to the petition, petitioner may file a traverse within seven days of the date of service of respondents' answer.  If no traverse is filed within seven days, the petition and answer are deemed submitted.

6.  If respondents move to dismiss, petitioner must file an opposition or statement of non-opposition within seven days of the date of service of respondents' motion.  Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served.  The motion to dismiss will be considered submitted twenty-one days after the service of the motion or when the reply is filed, whichever comes first.  *See* Local Rule 230(l).

7.  Petitioner's motion to authorize electronic filing access, ECF No. 2, is DENIED.

IT IS SO ORDERED.

Dated:    April 17, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE