UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LUIS QUERINO DOS SANTOS (A-Number: 213-623-641),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-2569-DC-JDP<br><br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Andre Luis Querino Dos Santos, a citizen of Brazil who entered the United States in 2017 on a visitor visa, was detained by ICE in February 2026.  Petitioner, now proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Fifth Amendment.  Respondents argue that the amended petition should be dismissed for petitioner's failure to exhaust.  I find that petitioner has not exhausted his prudentially required administrative remedies.  Accordingly, I recommend that the amended petition be dismissed without prejudice.

**Background**

Petitioner entered the United States in December 2017 with a B2 visa.  ECF No. 9 at 4. There is no allegation or evidence that, prior to his present detention, petitioner has been detained by immigration authorities.  On February 28, 2026, petitioner was detained by local authorities in

1

Florida for driving with a suspended license. ECF No. 9 at 4. Petitioner was taken into custody by ICE on March 3, 2026. ECF No. 13.

Through counsel, petitioner moved for a bond hearing. ECF No. 1 at 9. On March 12, 2026, the immigration judge held a bond hearing and denied bond, finding that petitioner is a "[f]light risk and danger due to driving offenses." ECF No. 9 at 11. Petitioner reserved the right to appeal, though there is no evidence that petitioner appealed the immigration judge's order. *See id.* at 12; ECF No. 13 at 2 ("Petitioner did not appeal the IJ bond decision."). The prosecutor dismissed the suspended license case on May 4, 2026. ECF No. 9 at 9.

**Procedural History**

On April 6, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus. ECF No. 1. On April 6, 2026, respondents filed a motion to dismiss the petition.[1] ECF No. 6. Petitioner moved for appointment of counsel on May 18, 2026, ECF No. 8.[2] Retained counsel then appeared and filed an amended petition, ECF No. 9, and a motion for temporary restraining order, ECF No. 10, on June 2, 2026.

The court ordered respondents to file a response to the motion for temporary restraining order. ECF No. 11. Respondents filed an answer to the amended petition, again arguing that it should be denied for failure to exhaust. ECF No. 13. The court denied petitioner's motion for temporary restraining order, reasoning that "Petitioner has already received the statutory and constitutional process he is entitled to. To the extent Petitioner challenges the Immigration Judge's determination, he must do so in an appeal to the Board of Immigration Appeals before seeking habeas relief in this court." ECF No. 14. The court referred the matter to me for further proceedings. *Id.* I permitted petitioner to file a traverse, but no traverse has been filed, and the matter is deemed submitted. ECF No. 15.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates

---

[1] I will deny respondent's motion to dismiss the original petition, ECF No. 6, because it was rendered moot by petitioner subsequently filing an amended petition.

[2] As petitioner is currently represented by counsel, I will deny his motion for appointment of counsel, ECF No. 8, as moot.

2

federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

In denying petitioner's motion for temporary restraining order, the court found that petitioner had "already received the statutory and constitutional process he is entitled to." ECF No. 14.  The court noted that "[t]o the extent Petitioner challenges the Immigration Judge's determination, he must do so in an appeal to the Board of Immigration Appeals." *Id.*  Petitioner has not appealed the immigration judge's determination to the Board of Immigration Appeals. ECF No. 13 at 2.  Respondents argue that the amended petition should be dismissed for failure to exhaust.  ECF No. 13.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646

3

F.3d 1157, 1160 (9th Cir. 2011)). However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). I begin by considering the *Puga* factors in turn.

First, I do not find that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988. The immigration judge ("IJ") provided a written decision, and there presumably is a transcript and/or audio recording of the hearing. Where, as here, the petitioner is entitled to a bond hearing under section 1226, courts have found that the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at \*3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at \*3 (E.D. Cal. Nov. 20, 2025).

Second, I find that "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988. Indeed, "[g]ranting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at \*3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not explain how section 1226's procedures or the bond hearing he received violated his due process rights. *See* ECF No. 9. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at \*5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, I find that "administrative review is likely to allow the agency to correct its own

4

mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. The BIA "has the authority to correct . . . erroneous factual determinations and evidentiary errors." *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)).

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies. However, a court may waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988. Petitioner does not argue that administrative remedies are inadequate and or that irreparable injury will result. In fact, petitioner does not specifically respond to any of the arguments in respondents' answer, ECF No. 13, nor did petitioner file a traverse in this matter.

In *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004), the petitioner filed a habeas petition under 8 U.S.C. § 1252, which the district court had denied for the petitioner's failure to exhaust his administrative remedies. In affirming the district court's order, the Court of Appeals held:

> [The petitioner] also makes due process challenges to his potential removal. We have made an exception to the exhaustion requirement for constitutional challenges to statutes and to the administrative rules of procedure. However, there is an important qualification to this exception to the general rule requiring exhaustion: If an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it. To the extent that [the petitioner's] procedural due process arguments are more than a repetition of his substantive constitutional claims, he did not present the arguments to the BIA, so we are without jurisdiction to review them.

*Id*. at 944 n.18 (cleaned up).

To the extent that petitioner seeks judicial review of the IJ's order, he first must exhaust his administrative remedies. *See Sun*, 370 F.3d at 944 n.18; *Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims."); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Complaints about the conclusion the IJ reached must be presented through the

normal immigration appeal process.").

Moreover, the Court of Appeals has held that section 1226(a) and its implementing regulations provide "extensive procedural protections," including "several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz*, 53 F.4th at 1202. While the BIA does not have jurisdiction to consider an as-applied constitutional challenge to section 1226(a), petitioner makes no such claim. *See Sola*, 720 F.3d at 1135. As such, petitioner's due process claim does not fall within the exhaustion exception, and his requirement to exhaust should not be excused on the basis that he brings a constitutional claim. *See Sun*, 370 F.3d at 944 n.18; *Okoth*, 2026 WL 45199, at *4 (requiring exhaustion where the petitioner brought a due process claim); *Ngugi v. Lyons*, No. 1:25-cv-1783-KES-EPG, 2026 WL 35610, at *4 (E.D. Cal. Jan. 6, 2026) (same); *Martinez*, 2025 WL 2689844, at *7 (same).

Accordingly, the amended petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Respondents' motion to dismiss the original petition, ECF No. 6, is DENIED as moot.

2. Petitioner's motion for appointment of counsel, ECF No. 8, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus, ECF No. 9, be dismissed without prejudice.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

6

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    July 10, 2026              _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE